819 A.2d 5 (2003)
359 N.J. Super. 78
Joseph MACEDO, Rose Mary Lesky, and all other similarly situated, Plaintiffs-Appellants,
v.
Joseph DELLO RUSSO, Joseph Dello Russo, P.A. t/a New Jersey Eye Center, Medical Care, P.L.L.C. d/b/a Dello Russo Laser Vision, and William T. Kellogg, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 2002.
Decided March 27, 2003.
*6 Bruce H. Nagel argued the cause for appellants (Nagel Rice Dreifuss & Mazie, attorneys; Mr. Nagel and Adam M. Slater, of counsel and on the brief).
Robert W. Shaw, Mount Olive, argued the cause for respondent Dello Russo (Mintzer, Sarowitz, Zeris, Ledva & Meyers, attorneys; Daniel J. McCarthy, Cranford, on the joint brief filed by respondents).
John L. Shanahan, Hackensack, argued the cause for respondent New Jersey Eye Center (Hein, Smith, Berezin, Maloof & Jacobs, attorneys; Mr. Shanahan, on the joint brief filed by respondents).
Donald Larsen argued the cause for respondent Kellogg (Sanders & Larsen, attorneys; Mr. Larsen, on the joint brief filed by respondents.)
Kern, Augustine, Conroy & Schoppman, attorneys for respondents Dello Russo and New Jersey Eye Center (Steven Kern, on the joint brief filed by respondents).
Before Judges KESTIN, EICHEN and WEISSBARD.
The opinion of the court was delivered by KESTIN, P.J.A.D.
Plaintiffs filed a class action[*] complaint against defendant Joseph Dello Russo, a licensed physician specializing in ophthalmology and laser surgery; his practice entity, a professional association which trades as the New Jersey Eye Center, Medical Care, P.L.L.C., and does business as Dello Russo Laser Vision; and William T. Kellogg, M.D., an employee of Dello Russo. As later amended, the complaint is in six counts alleging battery stemming from willful misrepresentation of the treating physician's identity; common law fraud; violation of the Consumer Fraud Act (the Act), N.J.S.A. 56:8-1 to -106; *7 negligent misrepresentation; lack of informed consent; and vicarious liability.
The complaint contains no allegations of physical injury to the plaintiffs; rather, the claims are based on "mental anguish, loss of enjoyment of life, medical bills, and economic damages." The complaint seeks "compensatory damages, punitive damages, attorneys fees, interest, [and] costs."
Without joining issue, defendants moved pursuant to R. 4:6-2(e) to dismiss the complaint for failure to state a claim upon which relief can be granted. After oral argument, the trial court granted the motion as to the Consumer Fraud Act claim only. The remaining counts of the complaint were not dismissed on the R. 4:6-2(e) motion.
Plaintiffs moved for leave to appeal the interlocutory order dismissing the consumer fraud count. We granted the motion and now reverse that determination. None of the trial court's rulings on the remaining five counts is before us in this appeal.
For the purposes of this appeal, we take the allegations of the complaint to be true, as the trial court correctly did. See Lemelledo v. Beneficial Mgmt. Corp., 150 N.J. 255, 263, 696 A.2d 546 (1997); Feinberg v. Department of Environmental Prot., 137 N.J. 126, 129, 644 A.2d 593 (1994).
The motion judge based his ruling on the perception that plaintiffs' consumer fraud claim must be seen in "the totality of the circumstances" to implicate the provision of medical services. Despite plaintiffs' "attempt[] to distinguish the business aspect of the [defendants]," the judge held the Consumer Fraud Act inapplicable to "the practice of medicine as presented under the facts of this case." In reaching that conclusion, the motion judge relied on Hampton Hospital v. Bresan, 288 N.J.Super. 372, 672 A.2d 725 (App.Div.1996), and two Illinois cases cited therein, Frahm v. Urkovich, 113 Ill.App.3d 580, 69 Ill.Dec. 572, 447 N.E.2d 1007 (1983), and Feldstein v. Guinan, 148 Ill.App.3d 610, 101 Ill.Dec. 947, 499 N.E.2d 535, 538 (1986), and rejected plaintiffs' invocation of our reasoning in Blatterfein v. Larken Assocs., 323 N.J.Super. 167, 175-83, 732 A.2d 555 (App.Div. 1999).
In Blatterfein, we affirmed a trial court ruling declining to dismiss a Consumer Fraud Act claim against an architect, observing that even if the "learned profession" bar against consumer fraud claims referred to in dictum in Neveroski v. Blair, 141 N.J.Super. 365, 379, 358 A.2d 473 (App.Div.1976), had any continuing validity, it could not be successfully asserted where the professional's conduct alleged as the basis of the claim implicated his commercial activity, such as the advertising of services, as distinguished from the rendition of the professional services themselves. It is worth noting that the trial judge in Blatterfein distinguished Hampton Hospital; and we, in affirming his ruling, noted that Hampton Hospital had substantially qualified the limiting dictum of Neveroski, if not entirely vitiating it. See Blatterfein, supra, 323 N.J.Super. at 178, 732 A.2d 555. Morover, the ruling in Blatterfein eventuated in the context of a motion for summary judgment where the prima facie showings of the parties could be evaluated for the purpose of determining whether an adequate basis in fact as well as law had been demonstrated for pursuing the consumer fraud claim. See also Waterloo Gutter Prot. Sys. Co. v. Absolute Gutter Prot., L.L.C., 64 F.Supp.2d 398, 421-24 (D.N.J.1999), dismissed by agreement, 38 Fed.Appx. 599 (Fed.Cir.2002). The ruling before us in this appeal occurred on a motion addressed to the pleadings and must thus be seen as a determination that plaintiffs have *8 no basis in law alone for asserting their consumer fraud claim. See Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 770-72, 563 A.2d 31 (1989).
Since Blatterfein, the Supreme Court has provided us with some pertinent additional insight in Howard v. University of Medicine and Dentistry, 172 N.J. 537, 800 A.2d 73 (2002), but only in respect of the causes of action in the instant complaint which are not before us in this appeal, especially the common law fraud and informed consent claims. There was no claim in Howard of a Consumer Fraud Act violation.
The allegations of the complaint, viewed with the requisite liberality and indulgence in favor of non-movants on motions addressed to the pleadings, see Printing Mart-Morristown, supra, 116 N.J. at 772, 563 A.2d 31, assert a consumer fraud cause of action arising from the mere fact that plaintiffs were treated by Kellogg who, at the time, was not a fully licensed physician. Plaintiffs allege that "[t]hrough their own words and conduct, the defendants represented to each plaintiff that they would be treated by properly licensed doctors, with no limitations on their licenses, and that Kellogg was a licensed physician with no limitations upon his license, and licensed to provide the care and treatment which he provided to each plaintiff." Although the complaint contains no specific averments concerning the manner in which the asserted representations were made, plaintiffs, in Count Three, invoke the Consumer Fraud Act and state sufficient allegations to suggest that defendants engaged in conduct proscribed thereunder.
Viewed in this light, at least on the face of the pleadings, this case, while potentially implicating the type of conduct on the parts of defendants that might be regulated under a scheme of professional licensure, and possibly involving acts or omissions that might even be within the parameters of common law medical malpractice jurisprudence, also allegedly bears on conduct regulated by the Consumer Fraud Act in N.J.S.A. 56:8-2, i.e., "unconscionable commercial practice, deception, fraud, false pretense, misrepresentation, or the knowing concealment, suppression or omission of any material fact with intent [to engender reliance] ... in connection with the sale or advertisement of any merchandise (defined by N.J.S.A. 56:8-1(c) to include "service or anything offered directly or indirectly to the public for sale") ..., or with the subsequent performance of such person[.]" See Blatterfein, supra, 323 N.J.Super. at 182-83, 732 A.2d 555. Nor is there any more general basis for dismissing the consumer fraud claim in this case because it is asserted against persons and entities in highly regulated callings. "The presumption that the [Act] applies to covered practices, even in the face of other existing sources of regulation, preserves the Legislature's determination to effect a broad delegation of enforcement authority to combat consumer fraud." Lemelledo, supra, 150 N.J. at 270, 696 A.2d 546.
There is no logical underpinning for a rule that permits professionals and their practice entities to evade the strictures of the Act simply because of their professional status. Such an arbitrary standard would, without any basis contained in the Act itself, create a special class among those engaging in activity the Legislature has generally subjected to special scrutiny in its endeavor to protect consumers. See Cox v. Sears Roebuck & Co., 138 N.J. 2, 647 A.2d 454 (1994). We can find nothing in the Act that suggests the Legislature ever intended to exempt classes of service purveyors from its coverage based on the nature of the service provided. *9 When professionals engage in common commercial activity designed to attract the patronage of the public, they should be held to the same standards of truth and completeness that govern the sales activities of all other persons or entities. To the extent the limiting dictum in Neveroski ever had a basis in apparent legislative design, subsequent statutory and decisional developments have negated it as a categorical exception to application of the Act. We see no good reason to apply it as a valid, general basis for dismissing claims under the Act as a matter of law.
It may well be that the representations attributed to defendants in the complaint will not survive further scrutiny as examples of the type of deceptive practices prohibited by the Act. Further, as the suit develops, defendants may succeed in "overcom[ing] the presumption that the [Act] applies to a covered activity," by showing "that a direct and unavoidable conflict exists between application of the [Act] and application of [a pervasive] regulatory scheme or schemes." Lemelledo, supra, 150 N.J. at 266-71, 696 A.2d 546. It may also be that plaintiffs will not be able to demonstrate the "ascertainable loss" required by the Act as a prerequisite to recovery. See N.J.S.A. 56:8-19. Those are questions that remain to be addressed on summary judgment or at trial. Plaintiffs' pleading is sufficient for present purposes as stating a claim upon which relief may be granted.
Reversed and remanded.
NOTES
[*] The class had not yet been certified pursuant to R. 4:32-2(a) when defendants moved to dismiss the complaint.